PRUDENTIAL INS. CO. OF AMERICA v. DUNCKELMAN'S ESTATE.

### Opposition of DUNCKELMAN.
### No. 4559.

Court of Appeal of Louisiana, Second Circuit.

June 30, 1933.

Jackson & Smith and Melvin F. Johnson, all of Shreveport, for appellant.

Phanor Breazeale, of Natchitoches, for appellee.

DREW, Judge.

On July 30, 1926, Walter E. Dunckelman, by notarial act, mortgaged to the Prudential Insurance Company of America, two certain tracts of land situated in Natchitoches parish, La., containing 755 acres, and gave a note paraphed "Ne Varietur" to identify with said act of mortgage, for the sum of $16,500, made payable in 20 years, in the amounts of $165 each year for the first 19 years, beginning February 1, 1927, and for the amount of $13,-365 the twentieth year, stipulating that interest on the whole at the rate of 5½ per cent. per annum was to be paid annually. The mortgage imported confession of judgment, and contains the pact de non alienando.

On January 9, 1930, Walter E. Dunckelman died, and on March 13, 1930, his brother, D. J. Dunckelman, was appointed administrator of his succession, after an inventory had been taken which shows the effects of the estate to consist of the real estate mortgaged to the Prudential Insurance Company of America, valued at $17,000, and the personal property consisting of rights and credits to the amount of $5,200.

From this time until April 9, 1932, the succession record fails to disclose any other order of court in the succession matter. However, it is alleged and admitted that an order to sell the real estate was secured by the administrator in March, 1932, and, upon request of the insurance company, the sale was abandoned. On April 9, 1932, the Prudential Insurance Company of America, by executory process, foreclosed its mortgage against the 755 acres of land. During the time said land was being advertised for sale, the administrator of the succession, by intervention and third opposition, prayed that $2,450 out of the proceeds derived from the sale of said property be ordered held by the sheriff, and, after hearing, that the sheriff be ordered to turn said amount over to the administrator to be used in paying privileged debts of the succession. He alleged the succession to be insolvent and that he had used all funds collected to wit, $2,600 in 1930 and $2,600 in 1931, in the following manner and in payment of the following debts of the succession:

For the year 1930 that he had to borrow certain sums of money for the benefit of the place to-wit for paying taxes and other debts and that the interest was $116.15, leaving a balance in his hands of ............$2,483.87

Which was distributed as follows:

| | | |
|---|---|---|
| Paid interest on mortgage note due Prudential Insurance Company..... | $1,047.32 | |
| Interest on same........ | .13.27 | |
| Paid to J. B. Colt balance on light plant.... | 404.71 | |
| Paid on account of attorney's fees to that date.. | 260.00 | |
| Paid taxes of 1929...... | 648.20 | |
| Paid interest on rent note due Dr. Stephens...... | 67.70 | |
| Paid W. F. Taylor & Company interest on his account ................ | 42.64 | |
| | $2,483.87 | $2,483.87 |

That the amount collected for the year 1931 for said property $2600.00, less interest to obtain necessary funds $148.49, making net debt of..............$2,451.51

He distributed the same as follows:

| | | |
|---|---|---|
| Paid the Insurance Company amount due on mortgage note........ | $1,036.20 | |
| Paid taxes of 1930....... | 638.11 | |
| Paid Dr. J. S. Stephens rent note............. | 400.00 | |
| Money used to complete such necessary payments ............... | 127.20 | |
| Paid W. F. Taylor & Co. | 250.00 | |
| | $2,451.51 | $2,451.51 |

That this distribution exhausted the revenues on hand, and that the following privileged debts were still due:

| | |
|---|---|
| Taxes for the year 1931........... | $ 615.50 |
| Funeral expenses, undertaker's bill (cost of transport from Houston, Texas.) ........................ | 750.00 |
| Physician's bill of last illness........ | 350.00 |
| Administrator's commission on inventory (2½%)..................... | 500.00 |
| Balance due attorney.............. | 240.00 |
| Total privileged debts..............$2,455.50 | |

And that the proceeds of the sale of the land should first be applied to the payment of these privileged claims above mentioned before any part of same is applied to the mortgage note.

In the alternative, he alleged that through error and inadvertence he had paid to the Prudential Insurance Company of America the sum of $2,096.79, and only in the alterna-

tive he prayed for judgment against it for that sum.

The motion to strike this allegation out of the petition was made and allowed by the lower court, and is not before us now, for the reason that the administrator did not appeal from the judgment below and has not answered the appeal. The property was sold under execution and purchased by the insurance company for the sum of $1,000, and, after deducting state and parish taxes for 1931, amounting to $584.65, and costs of the sale, there was left a balance of $336.05, which was held by the sheriff pursuant to order of the court granted on the petition of third opponent, the administrator.

The insurance company filed an exception of no cause of action to the petition of the administrator, which was referred to the merits and overruled in judgment on the merits. It then answered and denied that the claims presented were privileged, and alleged that the administrator was without authority to pay the claims he alleged to have paid without first having obtained an order of court. It further alleged that the administrator had collected sufficient funds from the movable estate to pay all claims in full, without the necessity of looking to the immovable estate for payment thereof, and that, having disbursed the funds so realized from the movable property of the estate and the paying of ordinary debts with it, without an order of court, he is now without right to claim them as against plaintiff, and pleaded legal and equitable estoppel against the administrator.

Before a decision was rendered in the lower court, the administrator abandoned all claims, with the exception of the following:

| | |
|---|---|
| Funeral expenses | $197.00 |
| 2½% commission of administrator | 500.00 |
| Attorney's fees | 260.00 |
| Total | $957.00 |

The lower court rendered judgment maintaining the third opposition in the above amounts, and plaintiff has appealed.

The land covered by the mortgage to plaintiff and inventoried at $17,000 is not subject to the costs of administration. Plaintiff foreclosed on its mortgage against this land, and it was sold by the sheriff and the costs of same deducted from the proceeds derived from the sale. Succession of Finegan, 135 La. 473, 65 So. 614.

In the Succession of Adam Thompson, 42 La. Ann. 118, 7 So. 477, 478, the court said: "The mortgage creditor has an interest in having the property sold separately from the other property of the succession, through the sheriff, so as to receive the proceeds without unnecessary delay, avoid succession costs, commission of executrix, auctioneers' and attorneys' fees, etc., and the filing and homolo-

gation of an account, or tableau of distribution."

It therefore follows that the claim of the administrator cannot be based at 2½ per cent. of the inventory, but only on the remaining part of the inventory, other than this land, which is $5,200 in accounts or claims for rent, and, instead of the administrator being entitled to $500 claimed, he is entitled only to 2½ per cent. of $5,200, or $130. Therefore, regardless of not making any reduction in the amount of attorney's fees, which is not necessary to pass on here, as the succession is not closed and no provisional or final accounting has been filed, the amount of the privileged claims is reduced to $587.

The administrator received and collected rent to the amount of $5,200. He paid it out without an order of court and, so far as this record discloses, without any proof of the claims, and the greater part of the claims paid were not privileged. For instance, W. F. Taylor & Co., open account, $292.64; money used to complete necessary payments, $127.20; interest wrongfully charged, $116.15 and $148.49; balance on light plant, $404.71 (the light plant is not inventoried among the effects of the succession); and $2,093.79, interest on insurance company note.

It is only when the movable property of a succession is of insufficient value to satisfy the claims of creditors entitled to the general privilege accorded by article 3252 of the Revised Civil Code and only in that event that such creditors may have recourse upon the immovable property. And where a creditor, entitled to a privilege accorded by this act of the Code, has by his laches lost his recourse upon the movable property of the succession, he cannot recoup his loss out of the proceeds of the immovable property to the prejudice of a creditor holding a special mortgage thereon. Succession of Finegan, supra; Alexandria Bank & Trust Company v. Stanley, 15 La. App. 526, 132 So. 384.

There was many times enough movable property in the estate to pay all privileged claims, and therefore the immovable property is not subject to the payment of them.

This is one case in which there is not even the slightest equity with the third opponent. The item of $197 is for funeral expenses he claims to have paid himself, and he is now asking for the return of it. Another item is his fee as administrator, and the third item is the balance of the attorney's fee claimed by the attorney representing the administrator. They had $5,200 with which to pay themselves, and saw fit to pay out the greater part of it on ordinary claims, without even securing an order of court, filing a provisional account, or doing any of the things required by law.

The judgment of the lower court is clearly erroneous, and is reversed, and the demands

of the third opponent are rejected at his cost, and the sheriff of Natchitoches Parish, La., is ordered to turn over to plaintiff, the Prudential Insurance Company of America, the funds now held by him derived from the sale of the land under foreclosure in this suit.